UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GUSTAFSON,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., et al.,<br><br>Defendants. | No. 2:23-cv-00389-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Richard Gustafson ("Plaintiff") seeks to recover from Defendants Home Depot U.S.A., Inc. ("Home Depot"), Cub Cadet LLC ("Cub Cadet"), and "Linda Suzi" for injuries sustained when he used a snow thrower manufactured by Cub Cadet and sold by Home Depot. Plaintiff initiated this action in state court, and Cub Cadet thereafter removed it to this Court pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332. Presently before the Court is Plaintiff's Motion to Remand. ECF No. 10. For the following reasons, that Motion is GRANTED.[1]

///

///

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

# STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a).  There are two bases for federal subject matter jurisdiction:  (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  Id. § 1331.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ."  Id. § 1332(a)(1)–(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted.  Id.  Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

///
///
///
///
///
///

## ANALYSIS

Plaintiff named in his Complaint what appears to be one individual Defendant, "Linda Suzi." However, Cub Cadet's notice of removal identifies "Linda" and "Suzi" as two separate Home Depot employees. Plaintiff thus moves to remand on the basis that he has named non-diverse Defendants, Linda and Suzi, against whom he has sufficiently stated a claim. According to Plaintiff, there is no diversity jurisdiction, and this action cannot be maintained in this Court. In opposition, Cub Cadet contends that Plaintiff has named one Defendant, "Linda Suzi," a person who does not exist, and thus that person should be considered a fictitious defendant and disregarded for purposes of evaluating jurisdiction. See 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."). Alternatively, Defendants contend, the individual Defendant was fraudulently joined because no cause of action can be stated against an employee of Home Depot under California law. The Court agrees with Plaintiff.

First, the named individual Defendants "Linda" and "Suzi" are not included as "Doe" or fictitious defendants. It can be discerned from the Complaint and the evidence submitted in support of this Motion that Plaintiff believed "Linda Suzi" was the individual who assisted him with his purchase at the particular Home Depot store at issue. Cub Cadet has since identified "Linda" and "Suzi" as two separate Home Depot employees involved in the transaction. The fact that these employees are identifiable, actually exist, and are domiciled in California appears undisputed. Accordingly, although the names pled are incomplete, the Court will not consider them fictitious.[2]

Second, the individual Defendants are not fraudulently joined. A fraudulently joined party is ignored for purposes of diversity jurisdiction. Morris v. Princess Cruises,

---

[2] This Court notes that it has encountered the pleading of claims against defendants whose names are incomplete countless times in cases brought by prisoners incarcerated in this district. Often a prisoner plaintiff will know only a first or last name of an officer defendant and will plead only the partial identifier. The Court would not consider those officers to be Doe defendants when the partial name and circumstances make identifying the officer reasonably ascertainable.

Inc., 236 F.3d 1061, 1067 (9th Cir. 2001); see also Grancare, LLC v. Thrower by and through Mills, 889 F.3d 543, 549 (9th Cir. 2018) (stating that "the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction").  There is a general presumption against fraudulent joinder, and the removing defendant has the burden to prove fraudulent joinder by clear and convincing evidence.  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007); see Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) (stating a defendant's burden to establish fraudulent joinder is a "heavy" one). Joinder will be deemed fraudulent where the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state.  Amarant v. Home Depot U.S.A, Inc., No. 1:13-cv-00245-LJO-SKO, 2013 WL 3146809, at *4 (E.D. Cal. June 18, 2013) (citing Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)); McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  Merely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder.  Diaz v. Allstate Ins. Grp., 185 F.R.D. 581, 586 (C.D. Cal. 1998).  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."  Id. (citing Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996)); Hunter, 582 F.3d at 1044 (citing Florence v. Crescent Res., LLC, 484 F.3d 1293, 1299 (11th Cir. 2007)) ("[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.").

       According to Cub Cadet, the individual Defendants are fraudulently joined because "Home Depot would be responsible for any torts committed by its employees in the course and scope of employment" and because California Labor Code § 2802(a) requires employers to indemnify employees for expenditures or losses incurred under such circumstances."  Cub Cadet's Opp'n, ECF No. 12, at 6–7.  Even if true, however, it

4

does not follow that Plaintiff cannot state a claim against the individual Defendants. Stated another way, Cub Cadet has not shown that there is no possible way Plaintiff could succeed on the merits against the individual Defendants.  Rather, Cub Cadet has shown only that if Plaintiff is successful, his recovery will likely come from the deeper pockets.  Given that and the heavy burden Defendants carry on the current Motion, the Court holds there is no fraudulent joinder, the presence of the individual Defendants destroys diversity, and remand is proper.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 10, is GRANTED.  The Clerk of the Court is directed to remand this action to the Placer County Superior Court, Case No. S-CV-0049762, and close this case.

IT IS SO ORDERED.

Dated:  June 26, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE